## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NOVARAD CORP.,

       Plaintiff

     v.

MEDIVIS, INC.,

       Defendant.

C.A. No. 21-1447-VAC-MPT

### SCHEDULING ORDER [PATENT]

This ⟨9th⟩day of May, 2022, ~~the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.1 on May 9, 2022, and~~ the parties having determined and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.    <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion shall contain the statement required by Local Rule 7.1.1.

2.    <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **May 26, 2022**. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at https://www.ded.uscourts.gov/default-standard-discovery and is incorporated herein by reference except to the extent the parties agree to, and file, a separate ESI Protocol, which would in such an event govern the discovery of electronically stored information.

3.    Joinder of Other Parties and Amendment of Pleadings. All motions to join other

parties, and to amend or supplement the pleadings shall be filed on or before **August 1, 2022**.

4.    Application to Court for Protective Order. Should counsel find it will be necessary

to apply to the Court for a protective order specifying terms and conditions for the disclosure of

confidential information, counsel should confer and attempt to reach an agreement on a proposed

form of order and submit it to the Court within fourteen (14) days from the date of this Order.

Should counsel be unable to reach an agreement on a proposed form of protective order, counsel

must follow the provisions of ¶ 7(g) below.

Any proposed protective order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the
> disclosure of information in this case, the Court does not intend
> to preclude another court from finding that information may be
> relevant and subject to disclosure in another case. Any person
> or party subject to this order who becomes subject to a motion
> to disclose another party's information designated
> "confidential" [the parties should list any other level of
> designation, such as "highly confidential," which may be
> provided for in the protective order] pursuant to this order shall
> promptly notify that party of the motion so that the party may
> have an opportunity to appear and be heard on whether that
> information should be disclosed.

5.    Courtesy Copies. This matter has been assigned to a vacant judgeship, designated

"VAC" on the docket. The parties have not consented to the jurisdiction of a magistrate judge.

Pursuant to ¶ 5 of Standing Order 2022-VAC-1 (dated March 9, 2022) or ¶ 3 of Standing Order

2022-3 (dated March 16, 2022), this matter is referred to this Judge for limited purposes. For the pleadings and all matters within the scope of the referral to this Judge, the parties shall provide the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. All courtesy copies shall be single-sided.

6.      Papers Filed Under Seal. In accordance with section G of the Court's Revised Administrative Procedures Governing Filing and Service by Electronic Means, available at https://www.ded.uscourts.gov/manualsprocedures, a redacted version of any sealed document shall be filed electronically within seven (7) days after the filing of the original sealed document. Courtesy paper copies of sealed documents (see ¶ 5, above) shall be filed with the Clerk's Office, however, courtesy copies of redacted versions of sealed documents shall not be filed, unless otherwise ordered.

7.      Discovery.

(a)      Discovery Cut Off. Fact discovery shall be completed on or before **June 30, 2023.** Expert discovery shall be completed within 45 days of service of the expert reply reports. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

(b)      Document Production. Document production shall be substantially complete by **December 1, 2022**.

(c)      Requests for Admission. A maximum of **25** requests for admission are permitted for each side, provided, however, that additional requests for admission may be served by stipulation of the parties or by order of the Court on motion of either party. The foregoing

limitation is exclusive of requests to admit the authenticity and/or admissibility of documents at trial provided, however, that the parties agree to work in good faith, as part of their pre-trial negotiations, toward a suitable stipulation regarding the authenticity and admissibility of intended trial exhibits.

      (d)   <u>Interrogatories</u>.

      i.   A maximum of **20** interrogatories, including contention interrogatories, are permitted for each side.

      ii.   The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof.

      (e)   <u>Depositions</u>.

      i.   <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of 70 hours of deposition testimony, including Rule 30(b)(6) witness testimony. The maximum time for any one deposition shall be 7 hours. Each side is limited to a maximum of 14 hours of testimony from Rule 30(b)(6) witnesses. In instances where a witness appears for a combined deposition pursuant to Rule 30(b)(l) and Rule 30(b)(6), the questioning party must clearly state on the record whether a particular line of questioning is directed to the witness in their capacity as a Rule 30(b)(6) designee, and that time will be applied to the 14-hour limit. If a witness solely appears for deposition under Rule 30(b)(6), the entire duration will be applied to the 14-hour time limit. A party's designation of an individual for Rule 30(b)(6) examination will not preclude that individual from providing a complete seven (7) hours of testimony under Rule 30(b)(1) if so noticed.

4

ii.      The above limitations shall not apply to expert depositions.

iii.      Location of Depositions. Depositions shall be in-person unless otherwise agreed or ordered by the Court. The parties may stipulate to taking depositions remotely (*e.g.*, by Zoom or other video-conference platform).

(f)      <u>Disclosure of Reliance Upon Opinions of Counsel.</u> Should Defendant seek to rely upon opinion(s) of counsel as a defense to infringement or willful infringement, Defendant shall disclose the relied-upon opinions of counsel, and all relevant and discoverable documents and written communications relating thereto, no later than **August 31, 2022**.

(g)      <u>Disclosure of Expert Testimony</u>.

i.      <u>Expert Reports</u>. For the party that has the burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **the later of 45 days from (1) the date of the issuance of the claim construction order or (2) the close of fact discovery**. The supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party is due on or before **45 days from the due date of the initial Federal Rule 26(a)(2) disclosure of expert testimony**. Reply expert reports from the party with the initial burden of proof are due on or before **30 days from the due date of supplemental disclosure**. On the date by which reply expert reports are due, the parties shall advise of the dates and times of their experts' availability for deposition.

ii.      <u>Objections to Expert Testimony</u>.

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in

Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

(h)     <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, after holding a verbal meet-and-confer and making a reasonable effort to reach agreement with the opposing party on the matters or dispute,[1] the party seeking relief from the Court shall file a Motion for Discovery requesting a teleconference to resolve the discovery or protective order dispute. The Motion shall include the following information:

- A list of no more than three (3) discovery or protective order matters for resolution;

- The date(s) of the verbal meet-and-confer between the parties;

- The format of the meet-and-confer (e.g., in person or by telephone);

- The identity of counsel (including at least one Delaware Counsel and at least one Lead Counsel per party) who participated in the meet-and-confer; and

- At least three dates on which the parties are jointly available for a teleconference.

The Court will thereafter order a discovery teleconference, and the following procedures shall apply:

     i.     Not less than seventy-two (72) hours prior to the conference, *excluding* weekends and Court holidays, the party seeking relief shall file a letter with the Court, not to exceed four (4) pages, double-spaced in no less than 12 point font, outlining the issues in dispute and its position on those issues, including proposed solutions.

    ii.     Not less than forty-eight (48) hours prior to the conference, *excluding* weekends and Court holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages,

---

[1] *See* D. Del. L.R. 7.1.1 (describing the averment of counsel to be filed with nondispositive motions).

double-spaced in no less than 12 point font, outlining that party's reason for its opposition and any proposed solutions.

iii.    Counsel shall provide a list of the teleconference participants, by including the list on a separate page with the letters. This list will not count as part of the page limitation for the letter submission.

iv.    <u>Attachments/Exhibits</u>. Generally, there should be limited attachments or exhibits to the letters. In a protective order dispute, only the provisions at issue should be attached. For disputes relating to responses to certain discovery requests, only the requests and responses in dispute as they exist at the time of the letter submissions should be attached. **Documentation of the parties' attempts to resolve and/or narrow the issues as contained in letters or emails shall not be included.** However, cases/transcripts cited and relied upon in the letter submission may be attached as exhibits.

v.    To the extent factual issues are disputed or central to the Court's analysis,[2] *non-conclusory*, sworn declarations, *only to the extent necessary* to establish the facts, shall be attached as exhibit(s).

vi.    <u>Protective Order disputes</u>. For disputes related to the protective order, the submissions shall include the party's proposal of the content for the disputed portion(s) only of the protective order.

Should the Court find further briefing necessary upon conclusion of the telephonic conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and cancel the conference.

8.    <u>ADR Process</u>. Having discussed the Alternate Dispute Resolution process during the scheduling conference, the Court may refer this matter to a Magistrate Judge for the purpose of exploring ADR during the pendency of this case.

---

[2] For example, matters addressing attorney-client privilege, work product doctrine, common interest doctrine, sufficiency of privilege log, and other similar issues often involve factual evidence for which affidavits may be required. *See RCA v. Data General*, C.A. No. 84-270-JJF, 1986 WL 15693 (D. Del. July 2, 1986); *Willemijn Houdstermaatschaapij v. Apollo Computers, Inc.*, 707 F. Supp. 1429 (D. Del. 1989).

9.    <u>Court Reporter</u>. The parties shall arrange for a court reporter for all hearings and proceedings including, but not limited to, scheduling conferences, status conferences, discovery and protective order disputes, hearings, pretrial conference, and trial.

10.   <u>Disclosures</u>.

(a)    By **May 25, 2022**, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

(b)    By **June 30, 2022**, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s).

(c)    By **July 29, 2022**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(d)    By **August 30, 2022**, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(e)    By **30 days after the Claim Construction Order**, Plaintiff shall provide final infringement contentions.

(f)    By **30 days after service of Plaintiff's final infringement contentions**, Defendant shall provide final invalidity contentions.

11.   <u>Interim Status Report</u>. On **February 15, 2023** counsel shall submit a joint interim report to the Court on the nature of the matters in issue and the progress of discovery to date.

12.   Status Conference. On **March    10**, 202**3**, the Court will hold a telephonic Rule 16 status conference with counsel beginning at **4 : 00**   **a**.m. Plaintiff's counsel shall coordinate the call to chambers. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this Order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be removed from the Court's calendar.

13.   Technology Tutorials. Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

14.   Claim Construction Issue Identification. On **August 3, 2022,** the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed with the Court on **August 30, 2022**. The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

9

15. <u>Claim Construction</u>. Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages on **September 9, 2022**. Defendant shall serve, but not file, its answering brief, not to exceed 30 pages on **September 30, 2022**. Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on **October 19, 2022**. Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **November 9, 2022**.

No later than **November 18, 2022** the parties shall file a Joint Claim Construction Brief, by copying and pasting their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below:

**Joint Claim Construction Brief**

I.      Agreed-upon Constructions

II.     Disputed Constructions

      A.    [Term 1]

           1.    Plaintiff's Opening Position
           2.    Defendant's Answering Position
           3.    Plaintiff's Reply Position
           4.    Defendant's Sur-Reply Position

      B.    [Term 2]

           1.    Plaintiff's Opening Position
           2.    Defendant's Answering Position
           3.    Plaintiff's Reply Position
           4.    Defendant's Sur-Reply Position

The above format shall be followed for each claim term in dispute.

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

16.     <u>Hearing on Claim Construction</u>. Beginning at ___:_____ ___.m. on **TBD**, the Court will hear evidence and argument on claim construction and summary judgment. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty days after the conclusion of the claim construction hearing.

17.     <u>Case Dispositive Motions</u>.

(a)     All case dispositive and *Daubert* motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **75 days after the due date of the expert reply briefs.** Briefing will be presented pursuant to the Court's Local Rules,[3] except as may be modified during the scheduling conference. No case dispositive or Daubert motion may be filed at a time before the date set forth in this paragraph without leave of the Court. If the matter is scheduled for a bench trial, no case dispositive or *Daubert* motions shall be filed without leave of the Court.

---

[3] *See* D. Del. L.R. 7.1.3 ("Form and Contents of Briefs, Memoranda of Points and Authorities, and Appendices").

(b)   <u>Detailed Citation Required</u>. Any reference to exhibits in the briefs must refer to the specific pages of the exhibit proffered in support of a party's argument. If the exhibit is a deposition, both the page and line numbers must be specified.[4]

(c)   <u>Page limits</u>. Unless otherwise ordered by the Court, all sides are limited to a maximum of thirty (30) pages of opening briefs, thirty (30) pages of answering briefs, and fifteen (15) pages of reply briefs relating to any case dispositive and *Daubert* motions filed by a side, no matter how many such motions are filed.

18.   <u>Proposed Pretrial Order</u>. The parties shall file with the Court a joint proposed final pretrial order that includes a table of contents and the matter described in Local Rule 16.3(c) on or before **TBD [at least seven (7) days prior to the pretrial conference].** Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The filing of the joint proposed pretrial order shall satisfy the pretrial disclosure requirement of Rule 26(a)(3).

19.   <u>Motions *in Limine*</u>. Motions *in limine* shall not be filed separately. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing

---

[4] For example, a reference to an exhibit that refers to the entire document will not be considered.

an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

      20.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1 and 51.1 the parties should file **joint** proposed (i) voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms at least three (3) days, *excluding* weekends and Court holidays, before the pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents in Microsoft Word format, which may be submitted by email to the trial judge's staff.

      21.    *Pretrial Conference*. On **TBD**, the Court will hold a pretrial conference in Courtroom 2B with counsel beginning at \_\_\_:_____ \_\_.m.

      22.    <u>Trial</u>. This matter is scheduled for a 5-day jury trial beginning at 9:30 a.m. on **TBD** with the remaining trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, and each side will be allocated a total of 12.5 hours in which to present their case.

      23.    <u>Judgment on Verdict and Post-Trial Status Report</u>. Within seven days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

24.     <u>Post-Trial Motions</u>. Unless otherwise ordered by the Court, all sides are limited to a maximum of twenty (20) pages of opening briefs, twenty (20) pages of answering briefs, and ten (10) pages of reply briefs relating to any post-trial motions filed by one side, no matter how many such motions are filed.

/s/ _____

Chief U.S. Magistrate Judge Mary Pat Thynge

14

## Chart of All Relevant Deadlines

| Event | Deadline |
|---|---|
| Application to Court for Protective Order | fourteen (14) days from the Date of this Order |
| Plaintiff shall identify the accused products, including accused methods and systems and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s) | May 25, 2022 |
| Rule 26(a)(1) Initial Disclosures | May 26, 2022 |
| Defendant shall produce core technical documents related to the accused product(s) | June 30, 2022 |
| Plaintiff shall produce an initial infringement claim chart | July 29, 2022 |
| Joinder of Other Parties and Amendment of Pleadings | August 1, 2022 |
| Parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s) | August 3, 2022 |
| Joint Claim Construction Chart filed | August 30, 2022 |
| Defendant shall produce its initial invalidity contentions | August 30, 2022 |
| Disclosure of Reliance Upon Opinions of Counsel | August 31, 2022 |
| Plaintiff shall serve but not file its Opening Claim Construction Brief | September 9, 2022 |
| Defendant shall serve but not file its Answering Claim Construction Brief | September 30, 2022 |
| Plaintiff shall serve but not file its Reply Claim Construction Brief | October 19, 2022 |
| Defendant shall serve but not file its Sur-Reply Claim Construction Brief | November 9, 2022 |
| Joint Claim Construction Brief filed | November 18, 2022 |
| Document Production substantially complete | December 1, 2022 |
| Claim Construction hearing | TBD |

| Event | Deadline |
|---|---|
| Interim Status Report | February 15, 2023 |
| Interim Status Conference | March 10, 2023 @ 4:00 PM |
| Plaintiff shall provide final infringement contentions | 30 days after the Claim Construction Order |
| Defendant shall provide final invalidity contentions | 30 days after service of the final infringement contentions |
| Fact Discovery Cutoff | June 30, 2023 |
| Initial Expert Reports (for the party that has the burden of proof) | the later of 45 days from (1) the date of the issuance of the claim construction order or (2) the close of fact discovery |
| Supplemental Disclosure to Contradict or Rebut Initial Expert Reports | 45 days from the date of the Initial Expert Reports |
| Reply Expert Reports | 30 days from the due date of supplemental disclosure |
| Case Dispositive Motions | 75 days after the due date of the expert reply briefs |
| Proposed Pretrial Order | 7 days prior to the pretrial conference |
| Pretrial Conference | TBD |
| Jury Trial | TBD |